## Wheeler v. Burke, et al.

(Decided January 14, 1915.)

### Appeal from Lawrence Circuit Court.

Schools and School Districts—Graded Schools—Election of Teachers.—The Board of Trustees of a graded school may at any time in the calendar year elect teachers for the ensuing school year that begins in the year in which the election of teachers is made. So that teachers may be elected in January to teach during the school year that begins the succeeding July.

W. D. O'NEAL for appellant.

M. S. BURNS and J. T. SWETNAM for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This litigation is the result of a controversy as to whether the appellant, Wheeler, or the appellee, John

Burke, had the lawful right to teach as principal the Blaine graded school in Lawrence county for the school year of 1914-1915.

It appears that in January, 1914, while Wheeler was employed as a teacher at this graded school, he was engaged, by a written contract executed by a majority of the Board of Trustees of the school, to teach as principal for the school year of 1914-1915. At the election of trustees held in May, 1914, two new members of the board were elected in the place of two persons who were members of the board in January, 1914. After the new board was organized, the members declined to recognize the contract made with Wheeler by their predecessors and employed the appellee, Burke, to teach the school as principal in his place. Thereupon Wheeler, in August, 1914, brought this suit against Burke and the trustees, asking that he be adjudged entitled to teach the school as principal and to the possession of the school building for this purpose, and that the defendants be enjoined and restrained from interfering with or obstructing him in the conduct of the school.

The answer of the defendants denied that Wheeler had been elected and asserted the right of what may be called the "new board" to employ Burke as teacher.

After some evidence had been taken, the case was submitted for hearing, and it was adjudged that the petition of Wheeler be dismissed, and he appeals.

The school year for graded schools begins on July first and ends July first of the succeeding year, and it appears that the Blaine graded school opened its session on August the first, 1914, or perhaps the first Monday in August.

The graded school law does not provide when graded school teachers shall be elected by the board of trustees, and, in the absence of any statutory direction on the subject, it is contended by counsel for Wheeler that the time when teachers shall be elected is left entirely to the discretion of the board of trustees, and hence the board had the power in January, 1914, to make the contract it did with Wheeler.

On the other hand, the argument is made that the board of trustees have no authority to elect a teacher for the ensuing school year until after July first of that year, and, of course, if this position is sound, the election of Wheeler in January, which was before the be-

ginning of the school year in 1914, was unauthorized and void.

In support of these respective views reasons entitled to some weight may be advanced. In behalf of the legality of the election of Wheeler it may be said that, although the personnel of the board may change, the board is a school body that continues in existence, and the acts of the members of one board are binding upon the members of a succeeding board, although the membership of the succeeding board may be composed altogether of persons who were not members of the preceding board. It may further be said that it is to the interest of graded schools that teachers for each school year shall be employed at as early a time in the calendar year in which the school begins as is practicable in order that the trustees may have the benefit of a large number of teachers to select from, which advantage they would not have if the election was postponed until after July first, as at that time of the year all the desirable teachers might have obtained employment, and it would be difficult to get competent teachers.

On the other side of the question the argument may be made that, as the election of trustees is held in May, the election of teachers ought to be subsequent to this time, so that the board of trustees who will have charge of the school for the ensuing school year may have the privilege of selecting a teacher of their own choice and one in harmony with their views of the manner in which the school should be conducted; and that it is not compatible with the best interests of a school that a board of trustees should have the right to select teachers for a school year beginning after their terms of office have expired and when other trustees will have charge of the affairs of the school.

But after considering these arguments our conclusion is that the election of Wheeler was within the power of the board.

Graded schools are a part of the common school system of the State, but these schools are managed and controlled by officers known as graded school trustees, and the common schools in each county are under the control and management of a board of education composed of the chairmen of the several educational division boards in each county, and these division boards have the authority to elect teachers for the educational di-

vision. The common school law further provides that trustees shall be elected in August of each year, but that teachers may be appointed or elected in June of each year; so that teachers of common schools might be elected by trustees who would not have charge of the common school during the school year for which the teacher was selected, as, after the appointment of the teacher and at the following August election, other and different trustees might be elected in place of those who were trustees when the teacher was appointed.

If the Legislature deemed it advisable to place the selection of teachers for common schools in the power of trustees who might not be the trustees in charge of the school for the school year for which the teacher was appointed, it seems to us that it would not be inadvisable to adopt the same rule upon this subject for graded schools.

So that, without further elaboration, we think that the trustees of a graded school may at any time in the calendar year elect teachers for the ensuing school year that begins in the year in which the election of teachers is made. According to this view, the election of Wheeler was legal, and the judgment is reversed with directions to enter a judgment granting him the relief sought in his petition.